United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELFIN M. VENOYA,

    Plaintiff,

  v.

SHIRLEY V. REMMERT and JULIA C. VENOYA, et al.,

    Defendants.
_____/

No. C 07-80117M CW

ORDER DENYING DEFENDANT'S REQUEST TO PROCEED <u>IN FORMA PAUPERIS</u> AND REMANDING CASE

    Defendant Shirley V. Remmert requests leave to proceed <u>in forma pauperis</u> (IFP) so that she can remove a state court action, Superior Court Case No. Civ. 438208, to this Court. In a previous case, number C 06-6709 CW, Defendant also requested leave to proceed IFP in order to remove this same state case to this Court. In case number C 06-6709 CW, Defendant's request to proceed IFP was denied and the case was remanded to state court on the grounds that there was no basis for federal jurisdiction and that her IFP application was inadequate.

In this notice of removal, Defendant asserts that there is now a basis for federal jurisdiction because an order of the state court issued within the last thirty days denied "indispensable parties of their constitutional and civil rights" and refers to her attached Exhibit A which is an order by the state court denying Defendant's request for a temporary restraining order

The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty <u>and</u> has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B).[1]  <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 616 (9th Cir. 1990); <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987).  Thus, the court "may deny leave to proceed <u>in forma pauperis</u> at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  <u>Id.</u> (quoting <u>Reece v. Washington</u>, 310 F.2d 139, 140 (9th Cir. 1962); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir.), <u>cert. denied</u>, 382 U.S. 896 (1965)).  An <u>in forma pauperis</u> complaint is frivolous if it has "no arguable basis in fact or law."  <u>O'Loughlin</u>, 920 F.2d at 617; <u>Tripati</u>, 821 F.2d at 1379; <u>Franklin v. Murphy</u>, 745 F.2d

---

[1] Section 1915(e)(2)(B) states:

> . . . the court shall dismiss the case at any time if the court determines that--
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

2

1221, 1228 (9th Cir. 1984).

The Supreme Court holds that dismissal prior to service under 28 U.S.C. § 1915(e)(2)(B) is appropriate where no legal interest is implicated, i.e., the claim is premised on a meritless legal theory, or clearly lacking any factual basis. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Section 1915(e)(2)(B) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 34 (1992). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Id.

Although requests to proceed IFP are usually brought by plaintiffs, it is reasonable to apply § 1915(e)(2)(B) to Defendant in this case who is requesting to proceed IFP in order to remove a state action to this Court. In this case, the notice of removal is similar to the pleadings in a case brought by a plaintiff. Therefore, the Court will review the notice of removal to determine if it provides sufficient grounds for federal jurisdiction.

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state

3

court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to State court. Id.

Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). When a plaintiff has suffered an injury that could give rise to both federal and State causes of action, the plaintiff "is free to ignore the federal cause of action and rest the claim solely on a state cause of action." Garibaldi v. Lucky Food Stores, Inc., 726 F.2d 1367, 1370 (9th Cir. 1984). A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. Franchise Tax Board of State of Cal. v. Construction Laborer Vacation Trust for Southern Cal., 463 U.S. 1, 12 (1983). Nor may a complaint be removed on the basis of the defendant's federal-question counter-claim. The Rath Packing Co., v. Becker, 530 F.2d 1295, 1303 (9th Cir. 1976).

In her notice of removal, Defendant claims federal question jurisdiction based on the fact that the state court denied her motion for a temporary restraining order against Plaintiff which she contends denied "indispensable parties their constitutional

4

rights." However, federal question jurisdiction is determined from the face of the complaint at the time the complaint is filed unaided by answer, not upon a possible or conjectural controversy that appears in the future after the complaint is filed. Gully v. First Nat'l Bank, 299 U.S. 109, 117-18 (1936); Santa Margarita Mut. Water Co. v. State Water Rights Bd., 165 F. Supp. 870, 876 (S.D. Cal. 1958) ("Original jurisdiction of the Federal court, sufficient in the first instance to have maintained the action sought to be removed is a pre-requisite to removal. . . . The mere fact that during the course of the proceedings, a Federal question may arise is not ground for removal."). Therefore, the fact that the state court denied Defendant's motion for a temporary restraining order, which she interprets as a denial of her constitutional rights, is insufficient to establish federal jurisdiction over Plaintiff's state complaint.

Furthermore, in her notice of removal, Defendant alludes to the fact that Plaintiff's complaint contains a claim against her for violation of the federal Americans with Disabilities Act (ADA). Notice of Removal at 4. Defendant does not attach the entire complaint to her notice of removal, as is required under 28 U.S.C. § 1446. However, she attaches the caption of Plaintiff's second amended complaint to a document titled, "Defendant Emmert's Third Party Complaint Against G. & A. Ramirez/Exhibit A." The caption sheet lists twenty-nine state law causes of action; there is no mention of a cause of action for violation of the ADA. Defendant's allusion to a claim against her under the ADA without providing the support for this allusion is insufficient to establish federal

5

jurisdiction.

Furthermore, Defendant's application to proceed IFP is still insufficient. She indicates that she is self-employed and earns $1,500 per month. She indicates that her expenses are $500 per month. Therefore, it appears that Defendant has $1,000 per month in disposable income. This does not establish that Plaintiff is impoverished to the extent that she is unable to pay the costs of this action.

Thus, the Court DENIES Defendant's application to proceed IFP and finds that the notice of removal does not state a valid basis for federal jurisdiction. The case is remanded to the superior court of San Mateo County. Defendant shall not attempt to remove this case in the future.

IT IS SO ORDERED.

Dated: 6/7/07

_____
CLAUDIA WILKEN
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

**VENOYA et al,**

        **Plaintiff,**

  **v.**

**REMMERT et al,**

        **Defendant.** /

**Case Number: CV07-80117 CW**

**CERTIFICATE OF SERVICE**

**I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.**

**That on June 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.**

**Shirley V. Remmert
Women's Correctional Center
#1112552
1590 Maple Street - Dorm C-34
Redwood City, CA 94063**

**Dated: June 7, 2007**

        **Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk**

7