

FILED
JUL 3 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Shirley V. REmmert Pro Se
Bk. #1112552
Women's Correctional Center
1590 Maple Street/ Corm C-34
Redwood City, CA 94063
(650) 363-4000 [TEL]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Delfin M. Venoya<br>    Plaintiff,<br>    v.<br>Shirley V. Remmert,<br>Julia C. Venoya,<br>San Mateo County, et al.,<br>    Defendants | DEFENDANT REMMERT'S NOTICE OF MOTION<br>AND MOTION FOR STAY OF 6-05=-07<br>ORDER REMANDING CASE/ MEMORANDUM<br>OF POINTS AND AUTHORITIES/ PROPOSED<br>ORDER/EXHIBIT A<br><br>CASE NO. C-07-80117 M-CW<br>(CIV 438208)<br><br>HON. CLAUDIA WILKENS |

NOTICE OF MOTION

I, Defendant Shirley V. Remmert, hereby give notice of a motion for stay of the June 5, 2007 order remanding the above case to the Superior Court of San Mateo County.  I request that the motion be taken by this Court under submission, or, if possible, that I appear in court at a pre-arranged, noticed schedule by this Court.

MOTION FOR STAY

1.    My motion for a stay pending an appeal under Rule 8 is based on the following:

    a.    My notice of appeal, meter-stamped by the U. S. Post Office with the date "7-03-07", but returned to my jail address because of an insufficient address, which I could not timely obtain from this jail.  On the first day of trial in the Superior Court of Redwood City on July 16, 2007, I offered to show proof of the aforesaid attempt to timely file the notice of appeal; EXHIBIT A, COPY OF ENVELOPE ATTACHED TO ORIGINAL PLEADING
1 OF 5

[DEFENDANT REMMERT'S NOTICE OF MOTION OF STAY/C-07-80117-M-CW/7-23-07]

    b.    Limited due process, asumed excused by the court including delayed access to mail pick-up, to legal research, and to early, conditional release from jail (See my Civil Rights complaint, Case No. C-07-80155 VRW);

    c,    Chief Judge Vaughn R. Walker's order in Case No. C-07-80155 VRW to see whether there is a relationship between the said Civil Rights complaint and my first attempt to remove this case under C-06-6709 CW and other cases since 2000;

    d,    a Memorandum of Points and Authorities;

    e,    a proposed order.

MEMORANDUM OF POINTS AND AUTHORITIES

Background

2,    The first date of trial after the remand was July 16, 2007. My motion for dismissal was denied on that date. The trial date was continued to October 15, 2007. I will not request leave of court to appeal the denied dismissal in the state Appeals court because of previous, repeated denied permission to file in that court due to a vexatious-litigant order against me in both the state and federal courts.

3.    On June 5, 2005, the order to remand the above case to the San Mateo County Superior Court was filed by this Court.

4.    On June 25, 2007, an order for Case No. C-07-80155 VRW,

my Civil Rights complaint was issued to determine whether that case is related to my first removal of the present case filed as C-06-6709 CW.

5.   Section 1.a. and b. are incorporated.

6.            Conditions Precedent

I will have to correct the pleading for an appeal in the federal court once I am released from jail given any lapses in due process because of pleading from jail.

Argument

7.   The Court should grant a motion for a stay of the order for remand pending an appeal under Rule 8 for the following non-inclusive reasons:

   a.   The subject-matter of the case falls under federal jurisdiction:

   (1)   The plaintiff, Delfin M. Venoya, could have filed this case as an alleged violation of the American Disability Act, since he claims that I have deprived him and his then-disabled wife (my mother, Defendant-Conservatee Julia C. Venoya) of their opportunity for income.

3 of 5

[Defendant Robinson's _____ motion _____ filed _____ 80117-M-CW 7-23-07]

(2)   The plaintiff could have filed this case under 42 U.S.C. sec. 1981, as he claims that I have stripped them of his property and civil rights.

(3)   Civil rights statutes allow for a special-removal status in this case. The Plaintiff's claims of civil rights violations by me are echoed by Defendant San Mateo County, which is in effect the plaintiff's acomplice against me, and therefore makes a better plaintif than it is a defendant in this case. Both the plaintiff and the Adult Protective Services agency may wrongfully seek to have admitted as their evidence the misleading report of social workers and others.

Moreover, the county's opportunity to be a co-plaintiff was frustrated at the outset of the filing of this case on March 23, 2004 when Defendant Julia Venoya refused to sue me.

### Cases Deemed Related

8.   See all listed criminal and civil cases since 2000, herein incorporated and deemed related to the present case in my Supplement to Motion for Stay of State Court Proceedings, etc., mailed for filing on July 21, 2007, page 2 of 4, section 6. In addition, Superior Court cases No. CIV 438208, SM340531A, and SM351187A are deemed related to the present case.

9.                    Conclusion

Because the plaintiff could have brought this case under federal court jurisdiction as described above, the order for remand should be stayed pending an appeal.

### DECLARATION

STATE OF CALIFORNIA

4 of 6

[DEFENDANT KOMMOIT'S NOTICED MOTION OF STAY / C-07-80117-M-CW / 7-23-07]

SAN MATEO COUNTY

I declare that the above statements are true and correct under the penalties for perjury of the state of California.

Date: July 23, 2007            Respectfully Submitted,

By: _____*Shirley V. Remmert*_____
                    Defendant

[DEFENDANT REMMERT'S NOTICED MOTION OF STAY/C-07-80117-M-CW/ 7-23-07]    5 OF 5

SHIRLEY V REMMERT
BK # 112552 / WOMEN'S CORRECTIONAL CENTER
1590 MAPLE STREET / DORM C
REDWOOD CITY, CA 94063

WOMEN'S CORRECTIONAL CENTER
San Mateo County Sheriff's Office
1590 Maple Street
Redwood City, California 94063

CLERK
U.S. DISTRICT COURT
1301 CLAY ST. - SO. - U.S. MARSHALS
OAKLAND, CA 94612

US POSTAGE $01.140
07/30/2007

INSPECTED BY
JUL 04 2007
U.S. MARSHALS SERVICE